IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RUSSELL LLOYD POTTER,

    Plaintiff,

v.                                     Civil Action No. 2:15cv266

ALVERTA VANESSA DAVIS et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant American Alternative Insurance Corporation's ("AAIC") Motion to Dismiss ("Motion"), Doc. 12, and Motion to Realign the Parties, Doc. 8. The Motion to Realign is unopposed and is hereby **GRANTED**. AAIC seeks dismissal of the case on the grounds that "any declaration rendered by this Court would be advisory, speculative, and may well prove moot." Doc. 13 at 12. Despite AAIC's role as an excess insurer, however, the Court **DENIES** AAICs Motion due to "the practical likelihood" that an actual controversy will arise.

### I. BACKGROUND

#### A. Procedural History

Plaintiff Russell Potter filed a suit in Virginia state court for personal injuries on October 14, 2014 and an Amended Complaint on April 1, 2015. See Doc. 9, Ex. 1. The only named defendant in that action is Alverta Davis, allegedly the driver of the vehicle that caused Mr. Potter's injuries. Id. The case is currently set for a jury trial on March 14, 2016, where Plaintiff seeks five-hundred thousand dollars in damages for personal injuries.

On May 6, 2015, Mr. Potter filed an additional case in the same state court, this time seeking a declaratory judgment as to the rights and duties of the insurance providers allegedly implicated by the facts of the underlying claim. Doc. 1, Ex. 1. AAIC, one of those new defendants, removed the declaratory judgment case to this Court on June 12, 2015. See id. That same day, AAIC filed its Motion to Realign the Parties seeking to establish complete diversity of citizenship for the purpose of federal jurisdiction. Doc. 8.

AAIC filed the instant Motion, along with its supporting memorandum, on June 19, 2015. See Doc. 12. On July 2, 2015, Mr. Potter filed his Memorandum in Opposition, Doc. 18, which was quickly joined by other defendants, Doc. 19. AAIC's Reply was then timely filed on July 8, 2015. Doc. 20.

**B. Alleged Facts[1]**

On December 28, 2012, Mr. Potter and Ms. Davis were involved in an automobile accident in Virginia Beach, Virginia. Doc. 13 at 2. Mr. Potter alleges that the accident occurred at the fault of Ms. Davis, and claims that at the time of the accident, Ms. Davis was acting within the scope of her employment with HNH Virginia, Inc. d/b/a Hand 'N Heart ("HNH"). Id. at 3.

Ms. Davis is personally insured through Progressive Northern Insurance Company ("Progressive") with a relevant policy limit of $25,000. Id. Mr. Potter is personally insured through State Farm Mutual Automobile Insurance Company ("State Farm") with a relevant policy limit on underinsured motorist coverage of $250,000. Id. HNH maintains a corporate insurance policy with AAIC that provides excess liability coverage for certain instances involving "hired" or "non-owned" automobiles. Id. Although the parties disagree as to the

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

appropriate application of HNH's excess policy to the facts of this case, the factual determinations necessary to resolve that dispute are reserved for a different stage of litigation. Therefore, for the purposes of the instant Motion only, the Court assumes that the HNH policy is implicated by the facts of the underlying case.

## II. LEGAL STANDARD

AAIC brought the instant Motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In its Reply however, AAIC recognizes that the "only issue" at this time is whether Davis' case will ever "ripen into an actual controversy." Doc. 20 at 1-2. AAIC argues that, because of this uncertainty, this Court should not exercise its jurisdiction under the Declaratory Judgment Act. In past cases, this Court has applied the same standard "[r]egardless of whether the motion was brought forth under Rule 12(b)(1) or 12(b)(6)." See, e.g., Kettler Int'l, Inc. v. Starbucks Corp., 55 F. Supp. 3d 839, 846 (E.D. Va. 2014).

The Declaratory Judgment Act limits issuance of a declaratory judgment to cases involving an "actual controversy." 28 U.S.C. § 2201(a). If no actual controversy exists, the court lacks subject matter jurisdiction to consider the claim. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239-40 (1937). "[A] declaratory judgment may not be given for a purely hypothetical situation [or as] . . . an advisory opinion." A.S. Abell Co. v. Chell, 412 F.2d 712, 719 (4th Cir. 1969). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

3

The Fourth Circuit has identified three elements to assist with this analysis. First, the complaint must allege an "'actual controversy'" between the parties "'of sufficient reality to warrant issuance of a declaratory judgment.'" Volvo Const. Equip. North America, Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (quoting 28 U.S.C. § 2201); see also MedImmune, Inc., 549 U.S. at 127 (quoting Md. Cas. Co., 312 U.S. at 273). Second, there must be an independent basis for jurisdiction over the parties. Volvo, 386 F.3d at 592. Finally, the district court cannot abuse its discretion in exercising jurisdiction. Id.

### III. DISCUSSION

**A. Motion to Realign Parties**

In determining whether to permit the realigning of parties, the Fourth Circuit has laid out a "two-step 'principal purpose' test." Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 497 F. App'x 313, 316 (4th Cir. 2012) (quoting U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995)). First, the Court must "determine the primary issue in the controversy by considering the 'plaintiff's principal purpose for filing its suit.'" Id. (quoting Palisades Collections LLC v. Shorts, 552 F.3d 327, 337 (4th Cir. 2008)). Second, the Court "align[s] the parties according to their positions with respect to the primary issue." Id.

In the Motion to Realign, AAIC states that "the primary question is whether the AAIC Policy affords additional liability coverage to Davis for the claims asserted by Potter in the Underlying Lawsuit in connection with the accident." Doc. 9 at 3. Mr. Potter, Ms. Davis, and Progressive each filed a response indicating that they had no objection to the realignment of the parties and that they had no intention of seeking remand. See Docs. 14–16.

4

With regard to AAIC's potential liability as an excess insurer, the "principal purpose" of this declaratory action, the interests of all other relevant parties[2] are opposed to AAIC because each of them would benefit, either financially or at the negotiating table, from an adverse ruling against AAIC. Therefore, the Court **GRANTS** the Motion to Realign the Parties and **ORDERS** that Ms. Davis, Progressive, and State Farm are to be considered as Plaintiffs for the duration of this case. In doing so, complete diversity is created for the purposes of establishing subject matter jurisdiction, and the Court may move past that threshold issue. See Doc. 9 at 4.

**B. Motion to Dismiss**

In broad terms, AAIC argues that this case is not ripe for federal review. Primarily, AAIC claims that, based upon the Virginia law which prohibits direct suits against insurers, Mr. Potter is barred from proceeding against AAIC in this action unless he first obtains a judgment in the underlying case and has had that judgment returned unexecuted. See Doc. 13 at 12 (citing Va. Code § 38.2-2200). As neither of those prerequisites has occurred, AAIC argues that this case should be dismissed as unripe.

This argument based on state law is unpersuasive, however, "because the Declaratory Judgment Act is procedural in nature." Nationwide Mut. Ins. Co. v. Welker, 792 F. Supp. 433, 439 (D. Md. 1992) (citing Aetna, 300 U.S. at 240 (stating that "the operation of the Declaratory Judgment Act is procedural only")). Consequently, "federal law determines whether a federal court may properly render a declaratory judgment [and s]tate substantive law addressing this subject is simply inapposite." Nat'l R.R. Passenger Corp. v. Consol. Rail Corp., 670 F. Supp. 424, 429 (D.D.C. 1987) (citing Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978)); see also Chapman v. Clarendon Nat. Ins. Co., 299 F. Supp. 2d 559, 563 (E.D.

---

[2] Although HNH is also listed as AAIC's co-defendant in Mr. Potter's original pleadings, the company is not relevant to this discussion because of its status as a "nominal party" relative to the principal purpose of the declaratory action.

Va. 2004) (citing First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F. Supp. 2d 669, 672 n.1 (D.Md. 2002)) (stating that "once removed, an action originally filed under Virginia Code § 8.01-184 is treated by the federal court as though it had been filed under 28 U.S.C. § 2201"). Accordingly, Virginia's statutory prerequisites to a state-court declaratory judgment action do not bar the instant federal case from proceeding on jurisdictional grounds.

Despite the Court's rejection of Mr. Potter's state-law based argument against AAIC's Motion, the inquiry as to ripeness is not yet conclusively terminated. The Court must independently ensure that all jurisdictional requirements are satisfied. Al Shimari v. CACI Int'l, Inc., 679 F.3d 205, 267 (4th Cir. 2012) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (stating that the "requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States' and is inflexible and without exception")). Here, for the reasons explained above, that inquiry necessitates examination into whether the "actual controversy" requirement of the Declaratory Judgment Act is properly met. See Volvo, 386 F.3d at 592 (quoting 28 U.S.C. § 2201(a)).

Strictly speaking, the facts at issue in determining AAIC's liability have yet to develop. AAIC is an excess insurer, and therefore, its vulnerability to liability is inevitably contingent upon the results of the underlying state court case. Merely because a declaratory judgment case in the insurance context involves a contingency "does not necessarily defeat jurisdiction." Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992). In fact, "litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." Id. In the more specific context of excess insurance policies, courts have specifically found that merely because there is uncertainty as to whether the primary insurance limits will be exceeded

"does not per se defeat jurisdiction." Cushman & Wakefield, Inc. v. Illinois Nat'l Ins. Co., No. 14 C 8725, 2015 WL 2259647, at *4 (N.D. Ill. May 11, 2015).

Rather, in determining whether a declaratory judgment action involving an excess insurer is ripe for adjudication, "courts should focus on 'the practical likelihood'" that the excess insurance policy will be implicated. Associated Indem. Corp., 961 F.2d at 35 (quoting 10A Wright, Miller & Kane, Federal Practice & Procedure § 2757 at 587 (2d ed. 1983)). In doing so, "[c]ourts have refrained from making a detailed examination of the policy terms and exclusions [because s]uch an inquiry . . . is better left to a later stage in the litigation." Tocci Bldg. Corp. of New Jersey v. Virginia Sur. Co., 750 F. Supp. 2d 316, 323 (D. Mass. 2010). Instead, many courts have simply "compared the amount claimed against the insured to the attachment point of the relevant excess insurance." See, e.g., Cushman, 2015 WL 2259647, at *4 (citing Tocci, 750 F.Supp.2d at 321).

For example, in Tocci Bldg. Corp., the primary insurance coverage at issue was $2,000,000 per occurrence and $4,000,000 per year. 750 F. Supp. 2d at 322. The claim for damages in the underlying action was for over $40,000,000 over no more than three years. Id. Assuming the plaintiff's allegations were true, as required at this stage of litigation, the district court found that an actual controversy existed between plaintiff and the excess insurer because the alleged damages far exceeded the policy limits of the primary insurance carrier. Id. at 322–23 (citing Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 681 (7th Cir. 1992) ("Were there only a 10 percent chance of its obtaining a judgment in excess of those limits . . . the actuarial value of its claim against [the excess insurer] would still be substantial"); Clark Constr. Grp., Inc. v. Eagle Amalgamated Serv., Inc., No. 01–2478, 2005 WL 946911, at *3 (W.D. Tenn.

Mar. 9, 2005) (finding a practical likelihood of exceeding the $1 million policy limit given that the underlying claim was for more than $1 million)).

In the underlying personal injury suit pending before the state court, Mr. Potter seeks damages in the amount of $500,000. Doc. 1, Ex. 1 at 8.[3] Progressive, the primary insurer, has already tendered an irrevocable offer for the total amount of its policy limit of $25,000. See Doc. 18, Ex. 8 at 1. Viewing "the complaint in the light most favorable to" Mr. Potter, see Venkatraman, 417 F.3d at 420, it is reasonable for the Court to conclude at this stage of the litigation that there is a sufficiently "practical likelihood that the excess insurance policy will be implicated" for an actual controversy to exist involving AAIC. See Associated Indem. Corp., 961 F.2d at 35. Accordingly, the instant Motion is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Realign the Parties, Doc. 8, but **DENIES** the Motion to Dismiss, Doc. 12.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 31, 2015

---

[3] Despite the parties attempts to mark and number exhibits, these markings do not always correspond to how those exhibits were uploaded to the Court's electronic docket. Therefore, to ensure ease and clarity of citation, the Court cites to documents and exhibits exclusively in the order and manner in which they were filed on the docket, regardless of any physical markings on the documents themselves.